**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **IN RE:** | : | **Chapter 13** |
| **Christine Marie Pompei,** | : | |
| **Debtor** | : | **Case No. 1:24-bk-00746-HWV** |
| | : | |
| | : | **Debtor(s)' Motion to Modify** |
| | : | **Second Amended Chapter 13 Plan** |

**DEBTOR(S)' MOTION TO MODIFY CONFIRMED SECOND AMENDED CHAPTER 13 PLAN**

AND NOW, comes the Debtor, Christine Marie Pompei, through her attorney, Paul D. Murphy-Ahles, Esquire and DETHLEFS PYKOSH & MURPHY, who files the within Debtor(s)' Motion to Modify Confirmed Second Amended Chapter 13 Plan and aver as follows:

1. The Debtor(s) filed a Chapter 13 Bankruptcy Petition and Plan on March 28,2024. The purpose of the Bankruptcy was to pay unsecured creditors and secured arrears.
2. The Second Amended Chapter 13 Plan was confirmed by Order of September 11, 2024.
3. After the confirmation of the Second Amended Chapter 13 plan secured creditor York Tax Claim Bureau filed a secured claim for back property taxes.
4. The Fourth Amended Chapter 13 Plan addresses York Tax Claim Bureau's claim in full.
5. The Fourth Amended Plan raises Debtor's Chapter 13 Plan payments to $1,923.00 for the remaining 30 months of the Plan and pays all creditors in full.
6. In accordance with Local Rule 2016-2 (f) the Fourth Amended plan includes an additional $600.00 in attorney fees to be paid through the plan to Debtor's Counsel.

WHEREFORE, the Debtor(s) respectfully request this Court grant the Debtor(s)' Motion to Modify Confirmed Second Amended Chapter 13 Plan.

Respectfully submitted,

**DETHLEFS PYKOSH & MURPHY**

Dated: October 8, 2026

/s/ Paul D. Murphy-Ahles

_________________________________

Paul D. Murphy-Ahles, Esquire
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446

LOCAL BANKRUPTCY FORM 3015-1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CHRISTINE MARIE POMPEI | CASE NO. 1:24-BK-00746-HWV |
| | ☐ ORIGINAL PLAN<br>4th AMENDED PLAN (indicate 1st, 2nd 3rd, etc.) |
| | 0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The Plan contains nonstandard provisions, set out in §9, which are not included in the standard Plan as approved by the US Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
| 2 | The Plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The Plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G. | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this Plan, you must file a timely written objection. This Plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN

### A. Plan Payments from Future Income

1. To date, the Debtor paid $43,818.00 ($0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the Plan the following payments. If applicable, in addition to monthly Plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base Plan is $101,508.00 plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2026 | 03/2029 | $1,923.00 | $0.00 | $1,923.00 | $57,690.00 |
| | | | | **Total Payments:** | $101,508.00 |

2. If the Plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payment and the Plan funding. Debtor must pay all post-petition mortgage payments that have come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the Plan.

4. CHECK ONE:
   ☒ Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*
   ☐ Debtor is over median income. Debtor estimates that a minimum of $0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. <u>Additional Plan Funding from Liquidation of Assets/Other</u>**

1. The Debtor estimates that the liquidation value of this estate is $113,046.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances is before the deduction of Trustee fees and priority claims.)

   CHECK ONE:
   ☒ No assets will be liquidated. *If this line is checked, skip §1.B.2 and complete §1.B.3, if applicable.*
   ☐ Certain assets will be liquidated as follows:

2. In addition to the above specified Plan payments, Debtor shall dedicate to the Plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as . All sales shall be completed by , 20 . If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

**2. SECURED CLAIMS**

**A. <u>Pre-Confirmation Distributions</u>** *Check One*

☒ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*
☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a Proof of Claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| | | |

1. The Trustee will not make a partial payment. If the Debtor makes a partial Plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor** *Check One*

☐ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*
☒ Payments will be made by the Debtor directly to the Creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the Plan if not avoided or paid in full under the Plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Discover Home Loans | 82 Clemens Drive<br>Dillsburg, PA 17019 | 8291 |
| Capital One Auto Finance | 2022 Mazda CX5 | 1001 |

C. **Arrears (Including, but not limited to, Claims Secured by Debtor's Principal Residence)** *Check One*

☐ None. *If "None" is checked, the rest of §2.C need not be completed or reproduced.*
☒ The Trustee shall distribute to each Creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the Creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be Paid in Plan |
|---|---|---|---|---|
| Discover Home Loans | 82 Clemens Drive<br>Dillsburg, PA 17019 | $6,371.09 | $0.00 | $6,371.09 |
| York County Tax Claim Bureau | 82 Clemens Drive<br>Dillsburg, PA 17019 | $0.00 | $12,035.31 | $12,035.31 |
| Capital One Auto Finance | 2022 Mazda CX5 | $714.59 | $0.00 | $714.59 |

D. **Other Secured Claims (Conduit Payments and Claims for Which a §506 Valuation is Not Acceptable, etc.)** *Check One*

☒ None. *If "None" is checked, the rest of §2.D need not be completed or reproduced.*
☐ The claims below are secured claims for which a §506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition dated and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law discharge under §1328 of the Code.

2. In addition to payments of the allowed secured claim, present value interest pursuant to 11 U.S.C §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the Court will determine the present value interest rate and amount at the Confirmation Hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**E. <u>Secured Claims for Which a §506 Valuation is Applicable</u>** *Check One*

☒ None. *If "None" is checked, the rest of §2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in §2.D of this Plan. These claims will be paid in the Plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the Creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the Plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity or the allowed secured claim for each claim listed below will be determined by the Court at the Confirmation Hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary, or Other Action |
|---|---|---|---|---|---|
| | | | | | |

**F. <u>Surrender of Collateral</u>** *Check One*

☒ None. *If "None" is checked, the rest of §2.F need not be completed or reproduced.*

☐ The Debtor elects to surrender to each Creditor listed below in the collateral that secures the Creditor's claim. The Debtor requests that upon confirmation of this Plan or upon approval of any modified plan, the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |

**G. <u>Lien Avoidance</u>** *Do not use for mortgages or for statutory liens, such as tax liens. Check One of the Following Lines*

☒ None. *If "None" is checked, the rest of §2.B need not be completed or reproduced.*

☐ The Debtor moves to void the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to §522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| | |
|---|---|
| Name of Lien Holder | |
| Lien Description<br>for Judicial Liens, include court and docket number | |

| | |
|---|---|
| Description of Liened Property | |
| Liened Asset Value | |
| Sum of Senior Liens | |
| Exemption Claim | |
| Amount of Lien | |
| Amount Avoided | |

**3. PRIORITY CLAIMS**

**A. <u>Administrative Claims</u>**

1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. <u>Attorney's Fees</u>. *Complete Only One of the Following Options*

   a. In addition to the retainer of $360.00 already paid by the Debtor, the amount of $4,740.00 in the Plan. This represents the unpaid balance of the presumptively reasonable fee specified in LBR 2016-2(c); or
   b. The balance of fees owed to the attorney for the debtor(s) is estimated to be $ . This estimated is used in determining compliance with §1322(a)(2) and feasibility under §1325(a)(6). Additional fees may be approved under §330. If allowance of such fees would alter the treatment or distribution to secured or priority creditors under this plan. The debtor must seek modification under §1329. Approved fees may reduce the distribution to general unsecured creditors, consistence with the priority scheme established in this plan.
   c.

3. <u>Other</u>. Other administrative claims not included in §§3.A.1 or 3.A.2 above. *Check One*

☒ None. *If "None" is checked, the rest of §3.A.3 need not be completed or reproduced.*
☐ The following administrative claims will be paid in full:

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |

**B. <u>Priority Claims (including certain Domestic Support Obligations)</u>**

Allowed unsecured claims entitled to priority under §1322(a) will be paid in full unless modified under §9

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| Internal Revenue Service | $5,577.10 |
| York Adams Tax Bureau | $976.25 |

**C. <u>Domestic Support Obligations Assigned to or Owed to a Governmental Unit Under 11 U.S.C. §507(1)(a)(B)</u>** Check *One*

☒ None. *If "None" is checked, the rest of §3.C need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This Plan provision requires that payments in §1.A be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

4. **UNSECURED CLAIM**

   A. **<u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>** *Check One*

☒ None. *If "None" is checked, the rest of §4.A need not be completed or reproduced.*
☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the Proof of Claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES** *Check One*

☒ None. *If "None" is checked, the rest of §5 need not be completed or reproduced.*
☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the Plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

6. **VESTING OF PROPERTY OF THE ESTATE**
   **Property of the estate will vest in the Debtor upon:** *Check the Applicable Line*

☐ Plan Confirmation
☒ Entry of Discharge
☐ Closing of Case

7. **DISCHARGE** *Check One*

☒ The Debtor will seek a discharge pursuant to §1328(a).
☐ The Debtor is not eligible for a discharge because the Debtor has previously received a discharge described in §1328(f).

**8. ORDER OF DISTRUBITION**

If a pre-petition Creditor files a secured, priority or specifically classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the Plan will be made by the Trustee in the following order:
Level 1: ______________________________________________
Level 2: ______________________________________________
Level 3: ______________________________________________
Level 4: ______________________________________________
Level 5: ______________________________________________
Level 6: ______________________________________________
Level 7: ______________________________________________
Level 8: ______________________________________________

*If the above levels are filled in, the rest of §8 need not be completed or produced.* If the above levels are not filled-in, then the Order of Distribution of Plan payments will be determined by the Trustee using the following as a guide:

Level 1: adequate protection payments
Level 2: Debtor's attorney's fees
Level 3: Domestic Support Obligations
Level 4: priority claims, pro rata
Level 5: secured claims, pro rata
Level 6: specifically classified unsecured claims
Level 7: timely filed general unsecured claims
Level 8: untimely filed general unsecured claims to which the Debtor has not objected

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the Plan is void. (NOTE: The Plan and any attachment must be filed as one document, not as a Plan and Exhibit.)**

Dated: 10/08/2026

/s/ Paul D. Murphy-Ahles
Attorney for Debtor

/s/ Christine Marie Pompei
Debtor 1

By filing this document, the Debtor, if not represented by an Attorney, or the Attorney for Debtor also certifies that this Plan contains no nonstandard provisions other than those set out in §9.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>CHRISTINE MARIE POMPEI | CHAPTER 13<br><br>CASE NO. 1:24-BK-00746-HWV<br><br>☐ ORIGINAL PLAN<br>4th AMENDED PLAN (indicate 1st, 2nd 3rd, etc.)<br><br>0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

## NOTICE

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this Motion without further notice of hearing unless a party in interest files an objection/response on or before 10/29/2026. If you object to the relief requested, you must file your objection/response with the Court of the Court and serve a copy of it on the Movant and Movant's Attorney.

If you file and serve an objection/response within the time permitted, the Court may schedule a hearing, and you will be notified. If you do not file an objection within the permitted time, the Court will deem the Motion unopposed and proceed to consider the Motion without further notice or hearing and the Court may grant the relief requested.

Date: October 8, 2026

Paul D. Murphy-Ahles, Esquire
PA ID No. 201207
DETHLEFS PYKOSH & MURPHY
2132 Market Street
Camp Hill, PA 17011
(717) 975-9446
pmurphy@dplglaw.com
*Attorney for Debtor(s)*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| CHRISTINE MARIE POMPEI | CASE NO. 1:24-BK-00746-HWV |
| | ☐ ORIGINAL PLAN<br>4th AMENDED PLAN (indicate 1st, 2nd 3rd, etc.) |
| | 0 number of Motions to Avoid Liens<br>0 number of Motions to Value Collateral |

## CERTIFICATE OF SERVICE

I hereby certify that on Thursday, October 8, 2026, I served a true and correct copy of the **Motion to Modify Chapter 13** in this proceeding via electronic means or USPS First Class Mail upon the recipients as listed in the Mailing Matrix.

/s/ RJ Reynolds

RJ Reynolds
Paralegal for Paul D. Murphy-Ahles, Esquire

Label Matrix for local noticing
0314-1
Case 1:24-bk-00746-HWV
Middle District of Pennsylvania
Harrisburg
Thu Oct 8 13:37:14 EDT 2026

Capital One Auto Finance, a division of Capi
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Synchrony Bank by AIS InfoSource LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

U.S. Bankruptcy Court
Sylvia H. Rambo US Courthouse
1501 N. 6th Street
Harrisburg, PA 17102-1104

Capital One Auto Finance
PO Box 201347
Arlington, TX 76006-4721

Capital One Auto Finance, a division of
AIS Portfolio Services, LLC
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Capital One Auto Finance, a division of Capi
P.O. Box 4360
Houston, TX 77210-4360

Citibank
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

DOVENMUEHLE MORTGAGE CO. as Servicer
1 Corporate Drive Suite 360
Lake Zurich, IL 60047-8945

DOVENMUEHLE MORTGAGE CO. as Servicer
1 Corporate Drive Suite 360
Lake Zurich, IL 60047-8945
DOVENMUEHLE MORTGAGE CO. as Servicer
1 Corporate Drive Suite 360
Lake Zurich, IL 60047-8945

(p)DOVENMUEHLE MORTGAGE
1 CORPORATE DRIVE SUITE 360
LAKE ZURICH IL 60047-8945

Discover Bank
P.O. Box 3025
New Albany OH 43054-3025

Discover Financial
Attn: Bankruptcy
Po Box 3025
New Albany, OH 43054-3025

Goldman Sachs Bank USA
Attn: Bankruptcy
Po Box 70379
Philadelphia, PA 19176-0379

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

KML Law Group
BNY Mellon Independence Center
701 Market Street, Suite 5000
Philadelphia, PA 19106-1541

Kohl's
Attn: Credit Administrator
Po Box 3043
Milwaukee, WI 53201-3043

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

Members 1st FCU
Attn: Bankruptcy
5000 Marketplace Way
Enola, PA 17025-2431

Members 1st FCU
PO Box 8893
Camp Hill, PA 17001-8893

Nordstom, INC
Jefferson Capital Systems, LLC Assignee
PO Box 7999
St. Cloud, MN 56302-7999

Nordstrom FSB
Attn: Bankruptcy
Po Box 6555
Englewood, CO 80155-6555

PA Department of Revenue
Attn: Bankruptcy Division
PO Box 280496
Harrisburg, PA 17128-0946

Synchrony Bank
by AIS InfoSource LP as agent
PO Box 4457
Houston, TX 77210-4457

Synchrony/PayPal Credit
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

United States Trustee
US Courthouse
1501 N. 6th St
Harrisburg, PA 17102-1104

York Adams Tax Bureau
1405 North Duke Street
PO Box 15627
York, PA 17405-0156

York County Tax Claim Bureau
28 E. Market Street
Room 110
York, PA 17401-1587

Christine Marie Pompei
82 Clemens Drive
Dillsburg, PA 17019-1366

(p)JACK N ZAHAROPOULOS
ATTN CHAPTER 13 TRUSTEE
8125 ADAMS DRIVE SUITE A
HUMMELSTOWN PA 17036-8625

Paul Donald Murphy-Ahles
Dethlefs Pykosh & Murphy
2132 Market Street
Camp Hill, PA 17011-4706

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Discover Bank
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047-8945

(d)Discover Home Loans
1 Corporate Drive, Suite 360
Lake Zurich, IL 60047

Macy's/ DSNB
Atytn: Bankruptcy
701 E. 60th Street North
Sioux Falls, SD 57104

Jack N Zaharopoulos
Standing Chapter 13
(Trustee)
8125 Adams Drive, Suite A
Hummelstown, PA 17036

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Capital One Auto Finance, a division of Ca
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

(u)Capital One, N.A.

(u)DISCOVER BANK

End of Label Matrix
Mailable recipients 31
Bypassed recipients 3
Total 34